UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARNES GROUP, INC., (including its Associated Spring Division),<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, et al.,<br><br>    Defendants. | No. 3:16-cv-00559 (MPS) |

# RULING ON MOTION FOR CLASS CERTIFICATION AND ORDER CERTIFYING CLASS

## I.  Background

This action arises out of a dispute concerning the payment of retiree health benefits between the Plaintiff, Barnes Group, Inc. ("Barnes"), and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and four Barnes' retirees who have been named as representatives of a proposed defendant class of Barnes' retirees.  The UAW has represented Barnes' employees and retirees at Barnes' Associated Spring Division plants in collective bargaining negotiations with Barnes for many years, and in 1996 Barnes and the UAW settled a class action concerning the payment of medical benefits.  (*See* Docket 3:93-cv-00122.)  The Court assumes familiarity with the history of the collective bargaining agreements and the earlier class action.

This action pertains to changes to the medical benefits of retirees who retired after the 1996 class action settlement, and are therefore not covered by the settlement.  Although it negotiated the changes with Barnes after determining that they were in the best interests of its members, the UAW determined that it could not apply the changes to these retirees in the

absence of a court order, because its authority to do so is ambiguous. Barnes seeks a declaratory judgment that the UAW and its affiliated Locals have authority to agree to the changes in retiree medical benefits of the retirees who retired after the 1996 class action settlement, or alternatively, that Barnes may implement these changes on its own, without violating federal law.

The parties have filed a Joint Motion to Certify a Stipulated Class. (ECF No. 37.) They seek certification of a stipulated class (the "Barnes 2 Retirees Class"), which includes all individuals who are:

a. Barnes employees who retired between July 31, 1996 and April 6, 2016, the date the new collective bargaining agreement covering retiree medical benefits, known as the Memorandum of Agreement, 2016-2017 Barnes-UAW National Retiree and Active Health Care Agreement ("2016-2017 MOA"), was ratified, and those who retire after that date but before the date set by the Court for closing of the Class, from either of the two Bristol Associated Spring plants and who were represented by UAW Local 712 at the date of their retirement;

b. Barnes employees who retired or will retire between August 1, 1993 and April 6, 2016, the date the 2016-2017 MOA was ratified, from the Saline Associated Spring plant, or its predecessor plant in Ann Arbor, Michigan, who were represented by Local 38 at the date of their retirement;

c. Barnes employees who retired or will retire between June 15, 1992 and April 6, 2016, the date the 2016-2017 MOA was ratified, and those who retire after that date but before the date set by the Court for closing of the Class, from the Corry Associated Spring plant and who were represented by Local 629 at the date of their retirement;

d. Barnes employees who retired or will retire between July 23, 1992 and the April 6, 2016, the date the 2016-2017 MOA was ratified, from the Dayton Associated Spring plant and who were represented by Local 1177 on the date of their retirement; and,

e. the spouses and dependents of any retiree described above including the surviving spouse of any such retiree who is deceased.

(ECF No. 38 at 6.)

## II. Discussion

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Specifically, Rule 23(a) identifies four prerequisites which must be met before a class action can be certified.

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"Before certifying a class, a district court must determine that the party seeking certification has satisfied the four prerequisites of Rule 23(a)." *Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir. 1997). Here, the parties have jointly sought certification, and have satisfied the four prerequisites of Rule 23(a). "A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23] . . . [S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and . . . certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal citations omitted).

"In the class action context, due process insures procedural fairness and protects the interests of absent class members. These concerns are particularly acute in defendant class actions where the unnamed class members risk exposure to liability. Accordingly, there is little doubt that a defendant class requires closer scrutiny of Rule 23 tests to assure fairness to absent members based on long-standing due process protections." *Bakalar v. Vavra*, 237 F.R.D. 59, 63–64 (S.D.N.Y. 2006) (internal citations and quotation marks omitted). Newberg § 4:48; *see also The*

*Flying Tiger Line, Inc. v. Cent. States, SW & SE Areas Pension Fund,* No. 86–304(CMW), 1986 WL 13366, at *4 (D.Del. Nov.20, 1986) ("Defendant class actions, while appropriate, require special care before certification."). As such, "certification of a defendant class is comparatively rare, though certainly not unknown." *Follette v. Vitanza*, 658 F. Supp. 492, 507 (N.D.N.Y.), *modified sub nom. Follette v. Cooper*, 658 F. Supp. 514 (N.D.N.Y. 1987), *order vacated in part*, 671 F. Supp. 1362 (N.D.N.Y. 1987).

The parties seek class certification under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(2). Because the class may be certified under Rule 23(b)(1)(A), the Court does not address the question of whether the class meets the requirements of Rule 23(b)(2).

### A. Numerosity

As to the first requirement, the parties have demonstrated that the class is so numerous that joinder of all members is impracticable. "Determination of practicability depends on all the circumstances surrounding a case, not on mere numbers. Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

The proposed class consists of approximately 640 people (Stip. Of Facts, ECF No. 36 at ¶ 19), which is well above the 40 members that the Second Circuit has held "raises a presumption that joinder is impracticable." *Robidoux*, 987 F.2d at 935. Courts in this circuit have routinely found that the first requirement is satisfied when the class consists of 40 members. *See, e.g.*, *Monaco v. Stone*, 187 F.R.D. 50, 61 (E.D.N.Y. 1999). Furthermore, the circumstances of this case demonstrate that joinder is impracticable: the Barnes 2 Retirees reside in approximately 22

different states and consolidating all of these individual defendants in a single proceeding aimed at determining their former employer's and union's various rights with respect to their health care benefits would serve judicial economy. (ECF No. 36 at ¶ 19.)

### B. Commonality and Typicality

Rule 23 also requires that "there [be] questions of law or fact common to the class, [and] the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2) and (3). "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal citations omitted). "These requirements ensure that maintenance of a class action is economical and that the named representative's defense and the class defenses are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Bakalar*, 237 F.R.D. at 66 (internal quotation marks omitted). "[I]n defendant class actions where the representative is frequently an unwilling champion of the class, the presence of common questions informs whether a representative defending his own interests will *ipso facto* protect the interests of the class." *Id.*

Both requirements are met here. The plaintiff is seeking a declaratory judgment that would allow application of changes to benefits equally to all class members. Further, the defendant class representatives have submitted affidavits demonstrating that they are similarly situated to other class members for purposes of the declaratory judgment claim. Therefore, each class member would have the same or similar incentives to resist or agree to the benefits changes and the requested declaratory judgment.

### C. Adequacy of Representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Adequacy of representation is evaluated in two ways: (1) by looking to the qualifications of [the party's] counsel; and (2) by examining the interests of the named plaintiffs." *Flores v. Anjost Corp.,* 284 F.R.D. 112, 128–29 (S.D.N.Y. 2012) (*citing Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir.2000)). "A plaintiff can show that it adequately represents the interests of the class, pursuant to Rule 23(a)(4), if it appears that plaintiff's interests are not antagonistic to those of the class it seeks to represent and plaintiff's counsel is qualified to conduct the litigation." *Morrison v. Ocean State Jobbers, Inc.*, 290 F.R.D. 347, 355 (D. Conn. 2013) (*quoting Macedonia Church v. Lancaster Hotel Ltd. P'ship*, 270 F.R.D. 107, 118 (D.Conn.2010)).

Here, Attorney William M. Bloss is qualified to serve as class counsel. Mr. Bloss was admitted to practice in 1984 and has actively practiced in federal court since that time. (ECF No. 38 at 12.) The Court appointed him to serve as lead settlement counsel for the plaintiff class in *Haddock v. Nationwide Insurance Co.*, No. 3:01-cv-1552 (SRU), an ERISA action that resulted in a settlement of $140 million. The parties represent that he has worked diligently with counsel for UAW since the filing of the present action. (*Id.*)

The interests of the named defendants align with those in the proposed class because they have signed "nearly identical" collective bargaining agreements. (*Id.*) Each named defendant and each proposed class member has the same interest in protecting against changes to the collective bargaining agreements, and would suffer the same injury if a detrimental change was made. Furthermore, as a retiree not covered by the 1996 class settlement, each defendant and each prospective class member has the same interest in protecting against the imposition of

6

changes to their retiree medical coverage by Barnes and/or the union. The Court has received affidavits from all of the named defendants, and they all represent that they are not being paid for their roles as representatives of the proposed class. (ECF Nos. 46 at ¶ 6, 49 at ¶ 6, 52 at ¶ 6, 53 at ¶ 5.) Furthermore, while they all held leadership positions for the union while they worked at Barnes Group, none of those positions were paid positions, except that they would be entitled to be paid for lost time due to actual negotiations. (ECF Nos. 46 at ¶ 4, 49 at ¶ 4, 52 at ¶ 4, 53 at ¶ 3.)

### D. Ascertainability

Though not explicit in Rule 23, the Second Circuit has "recognized an implied requirement of ascertainability." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks omitted). "A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case." *Id.* at 24-25 (internal quotation marks omitted). The proposed class is a group of former employees and/or the spouses of those employees. Barnes and UAW can easily identify the members from their records. Therefore, the proposed class meets the ascertainability requirement.

### E. Rule 23(b)

The parties argue that the class may be certified under either Rule 23(b)(1)(A) or 23(b)(2). The Court is satisfied that the class may be satisfied under Rule 23(b)(1)(A), and therefore does not address the question of whether the class meets the requirements of Rule 23(b)(2). "[I]n defendant class actions, it is preferable and perhaps even necessary to certify a class under either (b)(1) or (b)(2) rather than (b)(3), to avoid the possibility of defendant class members opting out

7

of the class as is allowed under (b)(3)." *Oneida Indian Nation of Wisconsin v. State of N.Y.*, 85 F.R.D. 701, 706 (N.D.N.Y. 1980).

A class action may be certified under Rule 23(b)(1)(A) if "prosecuting separate actions by or against individual class members would create a risk of: inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).

"Rule 23(b)(1)(A) is principally designed so that multiple grievances stemming from a single action by the defendant [i.e., or the party opposing the class, here the plaintiff] (such as a decision by a municipality or a public nuisance created by a factory) do not result in multiple courts imposing incompatible standards of conduct upon the defendant." *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 93 (D. Conn. 2004). Certification under Rule 23(b)(1)(A) "is clearly geared toward cases seeking injunctive or declaratory relief." *Lemire v. Wolpoff & Abramson, LLP*, 256 F.R.D. 321, 329 (D. Conn. 2009). If the Court were to deny class certification in this case, Barnes would likely have to pursue separate adjudications of the same claim raised by this action, creating the risk of inconsistent outcomes that Rule 23(b)(1)(A) is designed to avoid.

**III. Conclusion and Order**

For the foregoing reasons, the joint motion for class certification is GRANTED. The Court hereby orders that the following class be certified for purposes of the claim seeking a declaratory judgment that the UAW and its affiliated Locals have authority to agree to the changes in retiree medical benefits of the Barnes 2 Retirees, including to agree to apply the changes in retiree medical coverage set forth in the 2016-2017 MOA:

   a. Barnes employees who retired between July 31, 1996 and April 6, 2016, the date the 2016-2017 MOA was ratified, and those who retire after that date but before the date set by the Court for closing of the Class, from either of the two

8

Bristol Associated Spring plants and who were represented by UAW Local 712 at the date of their retirement;

b. Barnes employees who retired or will retire between August 1, 1993 and April 6, 2016, the date the 2016-2017 MOA was ratified, from the Saline Associated Spring plant, or its predecessor plant in Ann Arbor, Michigan, who were represented by Local 38 at the date of their retirement;

c. Barnes employees who retired or will retire between June 15, 1992 and April 6, 2016, the date the 2016-2017 MOA was ratified, and those who retire after that date but before the date set by the Court for closing of the Class, from the Corry Associated Spring plant and who were represented by Local 629 at the date of their retirement;

d. Barnes employees who retired or will retire between July 23, 1992 and the April 6, 2016, the date the 2016-2017 MOA was ratified, from the Dayton Associated Spring plant and who were represented by Local 1177 on the date of their retirement; and,

e. the spouses and dependents of any retiree described above including the surviving spouse of any such retiree who is deceased.

(ECF No. 38 at 6.) The Court appoints William M. Bloss of Koskoff, Koskoff & Bieder, P.C., to serve as defendant class counsel. The parties are directed to submit for the Court's approval a proposed notice to the class members on or before May 3, 2017. The parties' proposal should address the appropriate date for closing of the class.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
April 19, 2017